Donald E. BARKER, Appellant,

v.

GRACE LINE, a corporation, Appellee.

No. 21839.

United States Court of Appeals
Ninth Circuit.

Feb. 16, 1968.

Dorsey Redland (argued) of Redland & Pinney, Van H. Pinney, San Francisco, Cal., for appellant.

John R. Pascoe (argued) of Wallace, Garrison, Pascoe, Norton & Ray, William R. Wallace, of Wallace, Garrison, Pascoe, Norton & Ray, San Francisco, Cal., for appellee.

Before POPE and BROWNING, Circuit Judges, and JAMESON, District Judge.

PER CURIAM.

This case was tried to a jury. The complaint contained several counts. The first count alleged negligence on the part of the defendant Grace Line and the third count alleged unseaworthiness, as the cause of the appellant's injuries. The appeal concerns these two counts only. On the first alleged cause of action for negligence the jury found for defendants. The trial court dismissed the third cause of action upon motion of the defendant Grace Line.

Appellant was a purser and crew member of appellee's vessel *Santa Flavia* While the vessel was tied up at the port of Manzanillo, Mexico, Barker decided to go into town and get a haircut about ten o'clock in the evening of the day in question. Barker went ashore, descended the gangway to the dock and walked down the pier to a place where there was an entrance from the pier to the street. The pier was lighted but after he left it and was walking in a dark place toward the street he fell into a hole which was two feet deep and two feet in diameter. This hole was between 75 and 100 feet from the bow of the vessel, according to the appellant's assertion, and 150 feet from the bow of the vessel according to the defense.

The appellant's brief is devoted primarily to an argument that he should recover by reason of the unseaworthiness of the ship. We affirm the action of the trial court in dismissing the cause of action for alleged unseaworthiness as it is obvious that no recovery for unseaworthiness may be had for injuries arising out of conditions so remote from the vessel as was the place where Barker was injured.

With respect to the attempt to upset the results of the verdict of the jury holding that there was no negligence chargeable to the defendant, we find no error in the record.

Appellant complains about the failure of the court below to add certain requested language to the instructions on negligence. The language thus re-

ferred to is merely repetitious of the instructions actually given and we find the action of the court in no wise prejudicial to the appellant.

Since we find no error, the judgment of the trial court is affirmed.